UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-62405-DIMITROULEAS/AUGUSTIN-BIRCH

**SANDRA SOLOMON AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF BETTY BEGAS,**

    **Plaintiff,**

v.

**UNITED SPECIALTY
INSURANCE COMPANY,**

    **Defendant.**
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO COMPEL**

This cause comes before the Court on Defendant United Specialty Insurance Company's Motion to Compel and Amended Brief. DE 73; DE 81. Plaintiff Sandra Solomon filed a Response, and Defendant filed a Reply. DE 76; DE 77. The Court held a hearing on the discovery dispute on February 12, 2024, via video teleconference. The Court has carefully considered the parties' briefing, the arguments that counsel made during the hearing, and the record and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **Background**

Plaintiff is appearing in this case as the personal representative of the estate of her late mother, Betty Begas. Plaintiff alleges in the Amended Complaint that Begas fell and broke her leg in December 2017 while she was in the care of a home health aide, Nelta Francis. DE 7 ¶¶ 16; 20. Plaintiff further alleges that Francis did not assist Begas or call emergency services for

over an hour after Begas fell, but eventually Francis dragged Begas to a bed and called Plaintiff, who arrived at Begas' home and called emergency services herself. *Id.* ¶¶ 17–19. Plaintiff contends that Always Classic Care, LLC employed Francis at the time of Begas' fall, although whether Francis was an employee or an independent contractor is in dispute. *Id.* ¶¶ 14–15.

In a state action involving Plaintiff appearing as Begas' personal representative, Always Classic Care, and Francis, Always Classic Care sued Plaintiff for reimbursement for services Francis had provided to Begas, while Plaintiff brought claims against Always Classic Care and Francis relating to the quality of Begas' care. Defendant, as Always Classic Care's insurer, defended Always Classic Care in the state action. Defendant did not defend Francis in the state action, maintaining that Francis was an independent contractor rather than an employee of Always Classic Care and therefore was not covered under the insurance policy. The state court entered a default judgment against Francis on liability and, following a jury trial on damages, entered final judgment in March 2022 against Francis and in favor of Plaintiff for $1,120,411.15.

In the instant litigation, Plaintiff raises a single count of breach of contract against Defendant. Plaintiff contends that Francis was Always Classic Care's employee, the insurance policy between Defendant and Always Classic Care covered Francis, and Defendant is obligated to indemnify Francis for the state judgment. *Id.* ¶¶ 15, 36. Defendant filed an Amended Answer raising various affirmative defenses, including the following two defenses important to this discovery dispute:

**THIRD DEFENSE**

> Solomon's breach-of-contract claim is barred by the doctrines of unclean hands, unjust enrichment, estoppel, waiver, laches, or lack of good faith, in light of the manner in which she obtained the underlying, purported final judgment against Francis. Solomon, in violation of applicable rules, direct court orders, and Francis's due-process rights, failed to serve Francis with essential pleadings, court filings, and notices when specifically instructed to do so by the trial court, and when Francis

2

was unrepresented in the underlying action.  In addition, Solomon misled Francis by falsely informing her, "Nelta, we're not suing you, we're suing Always." Solomon never served Francis with the "Second Amended Complaint," and never defaulted Francis on the Second Amended Complaint, which is the operative version of the complaint that was tried to the jury.  Francis never failed to respond to the "Second Amended Complaint," because she was never served with it.  The underlying trial court instructed Solomon to inform Francis of a Case Management Conference ("CMC") of May 26, 2021.  [Solomon] failed to do so.  At the CMC, the court struck Francis's pleadings for failure to appear, even though Francis was not provided notice of the hearing.  The pleadings struck by the court, however, would have been those pleadings in response to the then-obsolete "Amended Complaint," and not the "Second Amended Complaint" which superseded the "Amended Complaint."  Regardless, Solomon never moved for entry of a Clerk's "Default" or a "Final Default Judgment" after Francis'[s] Answer to the obsolete Amended Complaint was stricken.  Yet, the underlying case proceeded to trial, verdict, and final judgment despite Francis's lack of proper notice and proper opportunity to be heard, in violation of her due process rights, and on a "Second Amended Complaint" with which Francis was never served.  Solomon prepared false jury instructions, which the court read to the jury, stating "the Court in this case has previously adjudged that DEFENDANT was negligent in [her] duty to provide proper care for BETTY BEGAS, and that DEFENDANT'S negligence caused BETTY BEGAS to fall and injure herself."  However, the court never "adjudged" Francis to be negligent.  Moreover, at trial, when Francis was not present, Solomon characterized Begas's medical bills and nursing home expenses as actual, out-of-pocket expenses, even though Begas was on Medicare and most or all of her medical bills or nursing home expenses were satisfied by Medicare (and/or a Medicare Advantage Plan) after first significantly reducing the bills to the approved Medicare rates.  Solomon introduced falsely high "bills" into evidence, in violation of the doctrine set forth in *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547, 551 (Fla. 4th DCA 2003).  Solomon even went so far as to falsely represent to the jury, several times, that the doctors *actually received* the inflated amount of the falsely high "bills" submitted to the jury, informing the jury that, "the doctors got, the $340,000 and change" then used that false representation as a vehicle to bootstrap her purported past and future non-economic damages.  For all these reasons and others, not only is the final judgment void for lack of due process, but under the doctrines of unclean hands, unjust enrichment, estoppel, waiver, laches, and lack of good faith, Solomon is now precluded from enforcing the judgment and pursuing any recovery from USIC.

DE 61 at 5–7.

**TENTH DEFENSE**

The circumstances leading up to entry of the judgment against Francis, in the event that the judgment is not void, amount to an unenforceable "Coblentz Agreement," to the extent that Solomon led Francis to believe that she would not

3

collect the judgment against Francis, and that her true target was Always Classic Care (or its liability insurer, USIC), and Francis thus did not participate in the underlying action after her attorney withdrew, relying on Solomon's representation that Francis was not a target of the underlying action, and that Solomon and Francis colluded with respect to entry of the judgment, implicitly or explicitly, and to the extent that the amount of the judgment is not in "good faith," but is instead a product of collusion, fraud, or lack of "good faith," for reasons that include Francis not participating in the lawsuit, and Solomon proceeding to instruct the jury that Francis "refused" to appear, and introducing false or misleading medical "bills" into evidence. All of which call into question the validity of the underlying judgment, which appears to be tainted by lack of "good faith," by fraud, or potentially by collusion, and, if so, which makes the judgment unenforceable as the result of an improper and defective "Coblentz Agreement."

*Id.* at 10–11.[1] Plaintiff has moved to strike various affirmative defenses, including the third and tenth defenses. DE 68. The motion to strike is currently pending and is not referred to the undersigned United States Magistrate Judge.[2]

## II.     Defendant's Motion to Compel

Defendant seeks an order compelling Plaintiff to respond to three requests for production of documents, one interrogatory, and requests for admissions. Defendant's first request for production seeks all communications between Plaintiff and Francis since Begas' fall in December 2017. Plaintiff objects that this request seeks irrelevant material and is overbroad because Defendant cannot relitigate the state action, and the only issue in this case is whether there is insurance coverage for Francis' actions. DE 51-1 at 1–2.

Defendant's third request for production seeks exhibits 1 through 14 introduced during the state jury trial, which are copies of Begas' medical bills. Plaintiff objects that this request seeks

---

[1] "*Coblentz* agreements permit an insured to enter into a reasonable settlement agreement with the injured party and consent to an adverse judgment for the policy limits that is collectable only against the insurer." *Jimenez v. Gov't Emps. Ins. Co.*, 651 F. App'x 850, 851 n.1 (11th Cir. 2016) (alteration and quotation marks omitted) (citing *Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969)).

[2] During the February 12 hearing, Plaintiff suggested that Defendant's Motion to Compel be denied without prejudice to await a ruling on her motion to strike affirmative defenses. Discovery is not stayed in this case, and the discovery deadline is March 18, 2024. Given that impending deadline, discovery must proceed.

irrelevant material because Defendant cannot relitigate the outcome of the state jury trial, and the only issue in this case is whether there is insurance coverage for Francis' actions. DE 51-3 at 1–2.

Defendant's fifth request for production seeks proof of service on Francis of various documents in the state action. Plaintiff objects that this request seeks irrelevant material because Defendant cannot relitigate the state action, and the only issue in this case is whether there is insurance coverage for Francis' actions. DE 73-2 at 1–3.

In the interrogatory at issue, Defendant asks Plaintiff to identify and provide the contact information of everyone who communicated with Francis on Plaintiff's behalf since Begas' fall in December 2017 and to provide the subject matter, time, place, means, method, and manner of each communication. Plaintiff objects that this request seeks irrelevant material and is overbroad because Defendant cannot relitigate the state action, and the only issue in this case is whether there is insurance coverage for Francis' actions. Plaintiff also states that the interrogatory "seeks information regarding communications unrelated to both this action and the underlying action." DE 51-2 at 3.

In the requests for admissions, Defendant asks Plaintiff to admit whether she did or did not provide various documents in the state action to Francis. Plaintiff objects that these requests seek irrelevant admissions because Defendant cannot relitigate the state action, and the only issue in this case is whether there is insurance coverage for Francis' actions. DE 71-3 at 1–4.

### III.    Analysis

As a preliminary matter, Defendant contends that Plaintiff waived her objections to some of the disputed discovery requests when she "did not initially object to producing all communications" and when she "produced some proof of service." DE 73 at 2 (emphasis omitted); *see* Southern District of Florida Local Rule 26.1(e)(2)(A) (stating that an objection to a discovery

5

request "shall state with specificity all grounds" and that "[a]ny ground not stated in an objection . . . shall be waived"). Plaintiff responds that, after she produced some communications, the parties began to dispute how broadly the request for communications was and what documents it encompassed, and at that point she objected. DE 76 at 3. Plaintiff further responds that she produced some proofs of service as a courtesy to attempt to show Defendant that its affirmative defense concerning failure to serve was meritless. *Id.*

The Court has the discretion to deem objections not waived for good cause. *Kennedy v. Batmasian*, No. 15-81353-CIV, 2016 WL 824571, at *2 (S.D. Fla. Feb. 26, 2016) ("Failure to timely object to discovery requests waives a party's objections to the requests unless good cause has been shown."). The Court finds good cause to deem Plaintiff's objections not waived here, where, according to her, she initially produced documents to attempt to respond to discovery and to avoid unnecessary disputes in this case. The Court therefore proceeds to evaluate Plaintiff's objections on their merits.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff's objections are based on relevancy and overbreadth. With one exception that the Court discusses below related to the interrogatory objections, Plaintiff is not objecting that the information and documents sought through the disputed discovery requests are irrelevant to prove

6

or disprove Defendant's affirmative defenses. The information and documents sought are relevant to showing collusion between Plaintiff and Francis, lack of service on Francis, and inflation of Begas' medical bills, all of which is at issue through Defendant's third and tenth affirmative defenses. Instead, Plaintiff is objecting that Defendant's third and tenth affirmative defenses are meritless affirmative defenses, and Defendant cannot pursue them in this case.

Whether an affirmative defense is meritorious is not a matter to be resolved as part of a discovery dispute. *See, e.g.*, *Props. of the Vills., Inc. v. Kranz*, No. 5:19-cv-647-Oc-30PRL, 2020 WL 6393834, at *3 (M.D. Fla. Nov. 2, 2020) ("[D]uring discovery the court is not required to examine the likelihood of success or the merits of any claims or defenses, rather, the court must consider whether the information is relevant to the claims and defenses in the action, and then ask whether the proposed discovery is proportional to the needs of the case." (quotation marks omitted)); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506642, at *2 (S.D. Fla. Oct. 25, 2010) ("Federal Rule of Civil Procedure 26(b)(1) allows discovery on any party's claims or defenses; there is no requirement that a party obtain a threshold determination of the merits of those claims before proceeding with discovery."). Until such time as there is a ruling that Defendant's third and tenth affirmative defenses are not meritorious, those defenses continue to be at issue in this case, and Defendant is entitled to conduct proportional discovery as to them. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

The above-mentioned exception related to the interrogatory objections is that Plaintiff includes an objection that the interrogatory "seeks information regarding communications

7

unrelated to both this action and the underlying action."[3]  DE 51-2 at 3.  The Court questioned Defendant about this portion of the objections during the February 12 hearing, and Defendant responded that it is not seeking information about communications unrelated to the state action or this case.  Thus, the Court sustains Plaintiff's relevancy objection only as to the interrogatory and only as it seeks information about communications unrelated to any claim, defense, or issue in the state action or this case.[4]  Plaintiff's relevancy objections are otherwise overruled.

Plaintiff has claimed overbreadth only as to the first request for production and the interrogatory.  However, apart from the issues that the Court has already addressed in this Order, Plaintiff provides no additional explanation as to how or why the request and interrogatory are overly broad.  Simply claiming that a discovery request is overly broad without providing a specific explanation violates Local Rule 26.1 and the Court's Order Setting Discovery Procedures.  *See* Southern District of Florida Local Rule 26.1(e)(2)(A) (stating that an objection to a discovery request "shall state with specificity all grounds" and that "[a]ny ground not stated in an objection . . . shall be waived"); DE 10 at 4 ("The parties shall not make nonspecific, boilerplate objections.").  The Court sustains Plaintiff's overbreadth objection only as to the interrogatory and only as it seeks information about communications unrelated to any claim, defense, or issue in the state action or this case.  Plaintiff's overbreadth objections are otherwise overruled.

### IV.   Conclusion

For the foregoing reasons, Defendant United Specialty Insurance Company's Motion to Compel [DE 81] is **GRANTED IN PART AND DENIED IN PART**.  By **February 20, 2024**,

---

[3] The first request for production seeks all communications between Plaintiff and Francis since Begas' fall, however Plaintiff does not object that the request does or might encompass communications unrelated to the state action and this case.  *See* DE 51-1 at 1–2.  Plaintiff has waived any such objection as to the first request for production.

[4] Again, all of Defendant's affirmative defenses remain at issue at this juncture.  Plaintiff cannot withhold information based on her perception of the merits of claims, defenses, or legal arguments in this case.

Plaintiff must fully respond to Defendant's first, third, and fifth requests for production and requests for admissions and must respond to Defendant's interrogatory except insofar as the interrogatory seeks information about communications unrelated to any claim, defense, or issue in the state action or this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 12th day of February, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE